McGREGOR W. SCOTT
United States Attorney
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00210 TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JAGPAL SINGH, ET AL., | |
| Defendants. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a trial confirmation hearing on December 3, 2020 at 9:30 a.m., and a trial date on January 11, 2021.

2. By this stipulation, defendants Tajinder Singh, Parminder Singh, and Shawana Denise Harris, through their respective counsel of record, and the United States hereby request that this matter be re-set for a jury trial on May 10, 2021, at 9:00 a.m. with a trial confirmation hearing set for March 25, 2021 at 9:30 a.m., and that the previous trial confirmation hearing date of December 3, 2020, and the trial date of January 11, 2021, both be vacated. By this stipulation, defendants also move to exclude time between January 11, 2021, and May 10, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes collectively, investigative reports, electronic discovery obtained from the search of various electronic devices, records from the California Department of Motor Vehicles (DMV), and records from telephone providers and banks which is subject to a protective order.  In September 2020, the United States produced additional discovery as it continued to prepare for trial.  Earlier, in August 2019, the United States also produced almost 900 pages of additional discovery, and audio-recorded interviews which were generated as the government continued to prepare for trial.  Additionally, at defense counsels' request, thousands of pages of discovery have been made available for inspection at the DMV and the Department of Homeland Security, Homeland Security Investigations (HSI).  Despite the current health issues, the government has continued to make such discovery available, and will continue to do so.  Prior to this, the United States produced over 3,000 pages of documents, as well as over a dozen audio/video recordings, some of which are in a foreign language.  At this point, the consecutively Bates stamped portion of the discovery totals in excess of 5,500 pages, which is in addition to other records and physical evidence being made available for inspection and copying.  The United States continues to investigate the case and will continue to produce discovery up through the trial date.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendants desire additional time to review discovery, including the physical evidence still available at both the DMV and HSI, consult with their respective clients, conduct investigation and research related to the charges, to prepare pretrial motions, and to otherwise prepare for trial.  Counsel also need time to discuss with their clients potential resolution.

c) Further, May 2021 is the first available time when all defense counsel will be available for trial due to their respective existing schedules, including other cases that are already set for trial, as well as personal obligations.

d) Counsel for defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence, and continuity of counsel.

        e)        The government does not object to the continuance.

        f)        Additionally, the court is not calling in jurors for service in criminal jury trials until further notice pursuant to General Order 618, given the cited public health concerns therein and presented by the evolving COVID-19 pandemic.  In light of the pandemic, delay is particularly apt in this case because:

- The trial involves several individuals who will have to travel from Southern California and other locations within the State to attend and/or participate in the trial;
- The trial cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 624 (CARES Act); and
- The United States expects that several of its witnesses will likely need the assistance of a Punjabi interpreter as well, as do two of the three defendants set for trial.

        g)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

        h)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 11, 2021, to May 10, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 30, 2020  McGREGOR W. SCOTT
United States Attorney

/s/ ROSANNE L. RUST
ROSANNE L. RUST
CHRISTOPHER S. HALES
Assistant United States Attorneys

Dated: November 30, 2020  */s/ Edward Robinson*
EDWARD ROBINSON
Counsel for Defendant
TAJINDER SINGH

Dated: November 30, 2020  */s/ Kelly Babineau*
KELLY BABINEAU
Counsel for Defendant
PARMINDER SINGH

Dated: November 30, 2020  */s/ Kyle Knapp*
KYLE KNAPP
Counsel for Defendant
SHAWANA DENISE HARRIS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 1st day of December, 2020.

Troy L. Nunley
United States District Judge